UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| In re: Dovetail, Inc., Debtor. | Bankruptcy No. 07-B-72820<br>Chapter 11<br>Judge Manuel Barbosa |
|---|---|

## MEMORANDUM OPINION

This matter comes before the Court on the motion to dismiss filed by creditor Sandra C. Leister ("Leister"), pursuant to 11 U.S.C. § 1112(b) and Fed. R. Civ. P. 12(b)(6) made applicable to these proceedings through Fed. R. Bankr. P. 7012, on October 7, 2008. For the reasons set forth herein, the Court denies Leister's motion to dismiss.

## JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide these matters pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. They are core proceedings pursuant to 28 U.S.C. § 157(b)(2).

## FACTS AND BACKGROUND

On October 23, 2008, in a related action (the "Leister claim"), the Seventh Circuit previously addressed the factual background between the parties and stated:

> The plaintiff, Sandra Leister, and the Petersons (the individual defendants) were employed by a company that sells "employee assistance programs" to employers; the programs provide counseling for troubled employees. In 1997 the Petersons bought some of their employer's employee-assistance-program contracts and created the corporate defendant, Dovetail, of which the Petersons are the sole owners and officers. They hired Leister, a psychologist, to work for Dovetail, and the terms of employment included Dovetail's agreeing to deposit a specified portion of her salary in a 401(k) retirement account and to match a specified portion of these elective deferrals of compensation with its own contributions. The defendants complied with the agreement only for the first year of Leister's

> employment. After that they diverted corporate receipts that should have been contributed to her 401(k) account to their own pockets. They also failed, despite her repeated requests, to provide her with copies of the documents that defined her rights with regard to the retirement account.
>
> In 2005 [Leister] sued Dovetail and the Petersons to recover the contributions that the defendants were obligated to make to her 401(k) account and to obtain statutory penalties for their failure to give her copies of the plan documents. [Leister] based the suit on various provisions of ERISA, the federal pension law. The district judge, after a bench trial, awarded [Leister] $82,741 for the defendants' failure to make the required deposits in her 401(k) account-a failure that the judge deemed a willful breach of the defendants' fiduciary duties, 29 U.S.C. § 1104 - but refused, because of their precarious financial condition, to award her any statutory penalty for their failure to give her copies of the retirement-plan documents. At $110 a day, the maximum statutory penalty, 29 U.S.C. § 1132(c)(1); 29 C.F.R. § 2575.502c-1, Leister would be entitled to receive at least $200,000 in statutory penalties and maybe much more, because while the defendants have finally given her some of the plan documents they have not given her all of them. Her cross-appeal seeks an award of statutory penalties but does not specify an amount.
>
> Dovetail was the plan's sponsor; the Petersons were, as mentioned, owners and officers of Dovetail; and Mrs. Peterson was the plan's administrator.

[Leister v. Dovetail, Inc., 546 F.3d 875, 877 (7th Cir. 2008).]

Ultimately, the Seventh Circuit affirmed the district court's judgment, but remanded the matter "for the district judge's determinations with respect to tax benefits, sales commissions, and statutory penalties." Id. at 884. The remanded matter is currently pending in the district court.

Debtor Dovetail, Inc. ("Debtor") filed a chapter 11 bankruptcy petition on November 20, 2007.

On October 7, 2008, Leister filed a motion to dismiss for cause, pursuant to 11 U.S.C. § 1112(b)(1), the Debtor's bankruptcy petition for unreasonable delay in filing a Chapter 11 plan within the time prescribed by the Bankruptcy Code.

On December 2, 2008, Debtor filed a response to Leister's motion to dismiss for cause. Debtor asserts that "unusual circumstances" exist, pursuant to § 1112(b)(1), that warrant the Court to use its discretion and deny Leister's motion to dismiss. Specifically, Debtor asserts that

2 of 8

the resolution of the Leister claim in the Seventh Circuit is a condition precedent to proposing a feasible plan of reorganization, and, thus, "unusual circumstances" exist, under § 1112(b)(1), to deny Leister's motion.

## DISCUSSION

When considering a motion under Rule 12(b)(6), a court must take as true all facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. See Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995). The plaintiff need not allege all of the facts involved in the claim. See Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994). The claim though must be supported with enough facts, taken as true, that plausibly suggest that the plaintiff is entitled to relief. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).

### (A) 11 U.S.C. § 1112(b)

Leister seeks to dismiss this case for cause, pursuant to 11 U.S.C. § 1112(b)(1), for unreasonable delay in filing a Chapter 11 plan within the time prescribed by the Bankruptcy Code. Section 1112(b)(1) was recently redrafted by Congress as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109-8, 119 Stat. 23 (2005) ("BAPCPA"). Section 1112(b)(1) (emphasis added) now provides:

> Except as provided in paragraph (2) of this subsection, subsection (c) of this section, and section 1104(a)(3), on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

Prior to the 2005 BAPCPA amendments, this Subsection of the Bankruptcy Code provided, in part, that "the court may convert a case under this chapter to a case under chapter 7

of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate for cause." 11 U.S.C. § 1112(b) (prior to 2005 amendments) (emphasis added).

Thus, the statutory language has been changed from permissive to mandatory. In re Gateway Access Solutions, Inc., 374 B.R. 556, 560 (Bankr. M.D. Pa. 2007). The amendments to § 1112 limit the court's discretion to refuse to dismiss or convert a Chapter 11 case upon a finding of cause. Ibid. (citing In re 3 Ram, Inc., 343 B.R. 113, 118 (Bankr. E.D. Pa. 2006); In re Broad Creek Edgewater, LP, 371 B.R. 752, 759 (Bankr. D.S.C. 2007)). Moreover, a learned commentator has noted that "[a]s amended in 2005, section 1112(b) materially circumscribes the court's discretion to convert or dismiss a chapter 11 case for cause in several important ways." 7 Collier on Bankruptcy, ¶ 1112.04(1) at 1112-19 to 1112-20 (15th ed. rev'd 2007).

Conversion or dismissal, however, may be disallowed if the debtor specifically identifies "unusual circumstances" which establish conversion is not in the best interest of creditors. In re Gateway Access Solutions, Inc., supra, 374 B.R. at 560 (citing 11 U.S.C. § 1112(b)). The term "unusual circumstances" is not defined in the statute. Ibid. (citing 11 U.S.C. § 1112(b)). The phrase, however, contemplates conditions that are not common in chapter 11 cases. In re Pittsfield Weaving Co., 393 B.R. 271, 274 (Bankr. D.N.H. 2008) (citing In re Fisher, No. 07-61338-11, 2008 WL 1775123, at *5 (Bankr. D. Mont. Apr.15, 2008)).

Pre-BAPCPA, § 1112(b) listed ten illustrative examples of "cause" for a Chapter 11 case to either be dismissed or converted to a Chapter 7 liquidation. 11 U.S.C. § 1112(b)(1)-(10) (prior to 2005 amendments). Post-BABCPA, sixteen illustrative examples of "cause" are listed. 11 U.S.C. § 1112(b)(4). In this case, presumably, Leister alleges that "cause" was established, pursuant to § 1112(b)(4)(J), through Debtor's failure to file a Chapter 11 plan within the time prescribed by the Bankruptcy Code.

The Court must now apply the new standards to the facts presented.

### (B) 11 U.S.C. § 1112(b)'s Burden Shifting

Pursuant to § 1112(b)(1), the initial burden lies with Leister to establish "cause" for dismissal. In re Gateway Access Solutions, Inc., supra, 374 B.R. at 561 (citing 11 U.S.C. § 1112(b)(1)). The list of what constitutes "cause" is proscribed under § 1112(b)(4). Generally, such lists are viewed as illustrative rather than exhaustive, and courts should "consider other factors as they arise." In re Gateway Access Solutions, Inc., supra, 374 B.R. at 561 (citations omitted); see also S.Rep. No. 989, 95th Cong., 2d Sess. 117 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5903; H.R.Rep. No. 595, 95th Cong., 1st Sess. 406 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6362.

If Leister establishes "cause," then the burden shifts to the debtor to prove it falls within the "unusual circumstances" exception to § 1112(b)(1)'s mandatory dismissal. See In re Gateway Access Solutions, Inc., supra, 374 B.R. at 561; In re Pittsfield Weaving Co., 393 B.R. 271, 274 (Bankr. D.N.H. 2008). Congress explained the exception, stating it only applies if: "(1) the debtor or a party in interest objects and establishes that there is a reasonable likelihood that a plan will be confirmed within the time periods set forth in section 1121(e) and 1129(e), or if these provisions are inapplicable, within a reasonable period of time; (2) the grounds for granting such relief include an act or omission of the debtor for which there exists a reasonable justification for such act or omission; and (3) such act or omission will be cured within a reasonable period of time." Ibid. (quoting H.R.Rep. No. 109-31(I) at 94 (April 8, 2005), reprinted in 2005 U.S.C.C.A.N. 88, 2005 WL 832198).

### (C) Leister Has Established Cause Under 11 U.S.C. § 1112(b)(4)

As previously stated, "the court shall . . . dismiss a case under this chapter, whichever is

in the best interests of creditors and the estate, if the movant establishes cause," including the "failure to . . . file or confirm a plan, within the time fixed by this title or by order of the court." 11 U.S.C. § 1112(b)(1), (4)(J). Moreover, "[i]n a small business case, . . . . the plan and a disclosure statement (if any) shall be filed not later than 300 days after the date of the order for relief." 11 U.S.C. § 1121(e)(2).

Here, "cause" exists because Debtor filed its small business chapter 11 petition on November 20, 2007 and more than 300 days have passed without Debtor filing a plan. Furthermore, Debtor concedes that Leister has established "cause." Debtor's sole argument is that the Court should exercise its discretion and find "unusual circumstances" to create an exception from the mandatory dismissal under § 1112(b)(1).

**(D) 11 U.S.C. § 1112(b)(2) Debtor's Burden to Specifically Identify "Unusual Circumstances" Such That it Would Be in the Best Interest of Creditors to Stay in Chapter 11**

To deny dismissal under § 1112(b)(1), courts must be able to "specifically identify" factors to establish that dismissal is not in the best interest of the creditors and the estate. 11 U.S.C. § 1112(b)(1); see also In re Gateway Access Solutions, Inc., supra, 374 B.R. at 561 (citing H.R.Rep. No. 109-31(1) at 94 (2005), reprinted in 2005 U.S.C.C.A.N. 88, 2005 WL 832198 (Congressional Record stating that § 1112(b) was amended "to mandate that the court convert or dismiss a chapter 11 case . . . [or] the court must specify the [unusual] circumstances that support the court's finding that conversion or dismissal is not in the best interests of the estate.")).

In this case, the Court finds that there are unusual circumstances to suggest that dismissal is not in the creditors' best interests. In light of the remanded Leister case in the district court, which Debtor's schedule F lists as $86,555.36 of the $155,396.69 total unsecured nonpriority

claims,[1] this particular claim amounts to a substantial portion of Debtor's unsecured creditors. Thus, the resolution of the Leister claim will impact the formulation and performance of a plan of reorganization. If the Leister claim is reduced, then the other creditors would likely have increased distribution and it may impact how creditors vote on the plan of reorganization. In the alternative, if the Leister claim remained status quo or even increased, then the other creditors would likely have decreased distributions and may impact how they vote on the reorganization plan. Therefore, the Court finds that unusual circumstances exist under § 1112(b)(1) to deny Leister's motion to dismiss.

---

[1] Schedule E also lists Debtor's unsecured priority claims in the amount of $110,368.76 for IRS claims from 2003-06.

## **CONCLUSION**

For the foregoing reasons, the Court denies Leister's motion to dismiss.

THEREFORE, IT IS ORDERED that

the foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

DATE: December 31, 2008

The Hon. Manuel Barbosa
United States Bankruptcy Judge