# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

| | |
|---|---|
| In re: Dovetail, Inc.,<br><br>Debtor. | Bankruptcy No. 07-B-72820<br>Chapter 11<br>Judge Manuel Barbosa |

### MEMORANDUM OPINION

This matter comes before the Court on the motion to strike appeal filed by debtor Dovetail, Inc. ("Debtor"), pursuant to Fed. R. Bankr. P. 8002(a), 9006(a), on January 26, 2009. For the reasons set forth herein, the Court denies Debtor's motion to strike appeal.

### JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide these matters pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. They are core proceedings pursuant to 28 U.S.C. § 157(b)(2).

### FACTS AND BACKGROUND

In a hearing, order and memorandum opinion dated December 31, 2008, the Court denied the motion to dismiss Debtor's bankruptcy filed by creditor Sandra C. Leister ("Leister"). The order and memorandum opinion were signed, entered, and filed on December 31, 2008. Debtor's counsel was present in court, while Leister's counsel was present via telephone when the order was entered. The Court submitted a copy of the memorandum of opinion and order to Debtor's counsel and indicated that it would mail a copy of the memorandum and order to Leister's counsel immediately. No proof of service was obtained, but Leister does not assert that she failed to receive a copy of the order and memorandum. Leister filed a notice of appeal to the

United States District Court on January 13, 2009, pursuant to Fed. R. Bankr. P. 8003. The Clerk of the Court notified Leister to re-file on January 14, 2008, and Leister re-filed on January 14, 2009.

On January 26, 2009, Debtor filed a motion to strike Leister's appeal because Leister's deadline to appeal, pursuant to Fed. R. Bankr. P. 8002(a), 9006(a), ended to January 12, 2009, yet Leister filed an appeal after the deadline on January 14, 2009, citing Ward v. Chase Manhattan Mortgage Corp., No. 04 C 3699, 2004 WL 3119024, at *1 (N.D. Ill. Dec. 2, 2004) and In re Peacock, 125 B.R. 526, 528 n.7 (N.D. Ill. 1991). Debtor asserts that the Court lacks subject matter jurisdiction to hear the appeal.

On February 18, 2009, Leister filed a response to Debtor's motion to strike appeal and sought a denial of Debtor's motion. Leister states that the appeal was originally filed on January 13, 2009, but the Court Clerk made a corrective entry on January 14, 2009 so that the appeal was re-filed on January 14, 2009. Leister argues that Fed. R. Civ. P. 5(d)(4) states that a clerk may not refuse to file a paper due to issues of form. Leister also contends that Fed. R. Bankr. P. 9006(f) grants an additional three days beyond the ten-day rule since the ruling was via telephone and the Court indicated that it would mail the ruling. In addition, Leister asserts that the ten-day rule on filing appeals does not apply since this is an interlocutory order, rather than a final order.

On February 23, 2009, Debtor filed a reply to Leister's response on Debtor's motion to strike appeal. Debtor states that it is irrelevant whether Leister filed on January 13 or January 14, 2009 because the deadline was January 12, 2009. Debtor further argues that the "10 day period in rule 8002(a) for appealing an order of the bankruptcy court . . . begins to run from entry of the judgment not service," quoting In re Wigoda, No. 00-3679, 2001 WL 599692, at *1 (7th Cir. May 25, 2001). Debtor asserts that an "appeal from an interlocutory judgment . . . shall be taken

by filing a notice of appeal as proscribed" in final judgments, citing Fed. R. Bankr. P. 8001(b).

## DISCUSSION

"District courts sit as appellate courts when hearing appeals from bankruptcy courts and, '[l]ike any federal appellate court, this [district] court has a special obligation to satisfy itself that there is federal jurisdiction to hear the appeal.'" Ward, supra, No. 04 C 3699, 2004 WL 3119024, at *1 (N.D. Ill. Dec. 2, 2004) (quoting In re Circle Fine Art Corp., No. 97 C 1155, 1997 WL 534323, at *1 (N.D. Ill. Aug. 26, 1997)). 28 U.S.C. § 158 provides that district courts "shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a).

Federal Rule of Bankruptcy Procedure 8002 requires that a notice of appeal be filed within ten days from the date of the judgment, order or decree from which the appeal is taken. Ibid. (citing Fed. R. Bankr. P. 8002(a); In re Schwinn Bicycle Co., 209 B.R. 887, 890 (N.D. Ill. 1997); Martin v. Bay State Milling Co., 151 B.R. 154, 155 (N.D. Ill. 1993)). "The 10-day time period in which to file a bankruptcy appeal is jurisdictional under Bankruptcy Rule 8002(a)." Ibid. (quoting In re Peacock, 125 B.R. 526, 528 n.7 (N.D. Ill. 1991)). Thus, failure to file a timely notice of appeal divests the district court of jurisdiction, thereby requiring dismissal of the appeal. Ibid. (citing In re Schwinn, supra, 209 B.R. at 890).

Generally, in computing the ten-day time period for filing the notice of appeal, the date of entry of the order is not included. Id. at *2 (citing Fed. R. Bankr. P. 9006(a)). The intermediate Saturdays, Sundays, and legal holidays are included in the computation unless the time period for filing is less than eight days. Ibid. (citing Fed. R. Bankr. P. 9006(a)).

The three-day mailbox extension in Rule 9006(f) applies only when a time period begins running from the date of service of an order or judgment. In re Wigoda, supra, No. 00-3679, 2001 WL 599692, at *1 (citing Fed. R. Bankr. P. 9006(a)). The 10-day period in Rule 8002(a) for appealing an order of the bankruptcy court is not such a period; it begins to run from the time of entry of the judgment, not service. Ibid. (citing In re Arbuckle, 988 F.2d 29, 31 (5th Cir.1993)).

Fed. R. Bankr. P. 8002(c) gives a bankruptcy court the discretion to extend the time for filing a notice of appeal if the movant requests an extension within 30 days of entry of the order and the movant demonstrates "excusable neglect." Ibid.

Here, the Court denies Debtor's motion to strike Leister's appeal. The Court lacks subject matter jurisdiction to hear the appeal because the district court, rather than the bankruptcy court, is the appropriate forum to sit as an appellate court when hearing an appeal from the bankruptcy court. 28 U.S.C. § 158(a)(1); Ward, supra, No. 04 C 3699, 2004 WL 3119024, at *1. With leave of the bankruptcy court, Leister filed a notice of appeal to the United States District Court on January 13, 2009, pursuant to Fed. R. Bankr. P. 8003. Without subject matter jurisdiction, the Court declines to address whether Leister's 10-day appeal deadline ended on January 12, 2009, pursuant to Fed. R. Bankr. P. 8002(a), 9006(a). Judgment was entered on December 31, 2009. Leister filed an appeal on January 13, 2009. Leister did not file a motion to extend time for filing a notice of appeal, pursuant to Fed. R. Bankr. P. 8002(c).

## CONCLUSION

For the foregoing reasons, the Court denies Debtor's motion to strike appeal.

THEREFORE, IT IS ORDERED that

the foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

DATE: March 11, 2009

The Hon. Manuel Barbosa
United States Bankruptcy Judge